UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
LORRAIN O.,

                Plaintiff,        <u>DECISION AND ORDER</u>
                                         1:24-cv-04258-GRJ

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------

       Plaintiff Lorrain O.[1] commenced this case *pro se* on May 30, 2024, by filing a Complaint seeking judicial review of the Commissioner of Social Security's denial of her application for Disability Insurance Benefits (Docket No. 1). Thereafter, on June 28, 2024, the parties consented to jurisdiction by a United States Magistrate Judge. (Docket No. 13).

       As required by the scheduling order the Commissioner filed a brief in opposition to Plaintiff's request for review on February 7, 2025 (Docket No. 20). Although Plaintiff's deadline to file a reply to the Commissioner's brief was February 21, 2025, Plaintiff failed to do so.

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

This case was then referred to the undersigned on May 15, 2025. Because Plaintiff had not filed a brief, and to provide Plaintiff with an opportunity to do so, the Court issued an Order on May 31, 2025 (Docket No. 21), *sua sponte* extending Plaintiff's deadline to submit a reply through June 27, 2025. In the Court's May 31, 2025, Order the Court expressly advised Plaintiff that failure to submit a reply could result in a decision on the merits and/or dismissal of this case for failure to prosecute. Despite Plaintiff having been given an opportunity to file a brief Plaintiff failed to do so.

The Court has given the matter due deliberation and for the reasons described below Plaintiff's request for review is DENIED, the Commissioner's denial of benefits is affirmed, and this case is DISMISSED. The case is dismissed substantially for the reasons set forth in the Commissioner's Brief (Docket No. 20). The Commissioner has established that Plaintiff failed to appear for her administrative hearing despite due notice and the Court finds no abuse of discretion in the Commissioner's determination that Plaintiff did not demonstrate good cause for her failure to appear.[2]

---

[2] *See Hayward v. Comm'r of Soc. Sec.*, No. 1:18-CV-10402 (SN), 2021 WL 982296, at *5 (S.D.N.Y. Mar. 16, 2021)("Accordingly, the Court finds that the Commissioner's factual determinations were supported by substantial evidence, and the conclusion that

Further, dismissal is additionally, and alternatively, warranted based on Plaintiff's failure to prosecute this case and respond to Court Orders. *See, e.g., Neal v. Comm'r of Soc. Sec.*, No. 18CV01936VECSN, 2019 WL 3402464, at *1 (S.D.N.Y. June 5, 2019), *report and recommendation adopted*, No. 18-CV-1936 (VEC), 2019 WL 2710127 (S.D.N.Y. June 28, 2019); *Reynel v. Barnhart*, No. 01 CIV. 6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002); *Bonnette v. Comm'r of Soc. Sec.*, No. 16-CV-6398 (ENV), 2018 WL 6173434, at *2 (E.D.N.Y. Nov. 26, 2018); *Abbas v. Tate*, No. 20CV3636JGKJLC, 2023 WL 324432, at *1 (S.D.N.Y. Jan. 19, 2023), *report and recommendation adopted*, No. 20-CV-3636 (JGK), 2023 WL 2632229 (S.D.N.Y. Mar. 23, 2023).

Accordingly, upon due consideration, it is **ORDERED**:

---

Hayward failed to show good cause for his absence at his hearing was not an abuse of discretion. Furthermore, Hayward has failed to demonstrate that his additional reasons for his absence were based upon new facts not available at the time of his letter to the Appeals Council, and he did not show good cause for raising them for the first time before the Court."); *see also Milton M. v. Comm'r of Soc. Sec.*, No. 5-20-CV-1480-TJM=TWD, 2022 WL 2079073, at *3 (N.D.N.Y. June 8, 2022), *report and recommendation adopted*, 2022 WL 3027158 (N.D.N.Y. Aug. 1, 2022)("When reviewing a procedural decision, the appropriate standard of review is 'abuse of discretion as to the overall conclusion, and substantial evidence as to any fact.'")(citations omitted).

1.  Plaintiff's request for review is DENIED, the Commissioner's denial of benefits is AFFIRMED, and the case is DISMISSED.

2.  The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: June 28, 2025                              *s/ Gary R. Jones*
                                                  GARY R. JONES
                                                  United States Magistrate Judge